IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SAMUEL EZELL,                          )
                                       )
        Petitioner,                    )
                                       )
    v.                                 )        Civil Action No. 2:13cv302-TMH
                                       )                    (WO)
UNITED STATES OF AMERICA, *et al*.,    )
                                       )
        Respondents.                   )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a *pro se* pleading, styled as a petition for writ of habeas corpus

under 28 U.S.C. § 2241, filed by Samuel Ezell ("Ezell"), an inmate at the Federal Prison

Camp in Montgomery, Alabama.  The petition attacks a conviction in Case No. 1:07cr385-

WS, entered in the United States District Court for the Southern District of Alabama.

## I.   BACKGROUND

Ezell is serving a 135-month sentence imposed on July 1, 2008, by the United States

District Court for the Southern District of Alabama, following his guilty plea to a cocaine

conspiracy charge for violating § 21 U.S.C. § 846.[1]  He did not appeal his conviction or

sentence.

On July 27, 2009, Ezell filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the

court of conviction.  *See* Case No. 1:07cr385-WS/1:09cv460-WS (S.D. Ala.), Doc. No. 68.

That court denied the § 2255 motion on March 1, 2011, deciding all claims adversely to

---

[1] The district court entered its judgment on August 4, 2008.

Ezell. *Id*., Doc. Nos. 143, 147, and 148.

Ezell filed the instant petition for habeas corpus relief under 28 U.S.C. § 2241 on April 29, 2013. Doc. No. 1. In his petition, Ezell raises several claims of ineffective assistance of counsel by the attorney who represented him in his guilty plea proceedings.

## II.   DISCUSSION

Ezell's claims alleging the ineffective assistance of his counsel go to the fundamental validity of his conviction and sentence.  The exclusive remedy for challenging the validity of a conviction or sentence imposed by a federal court, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(e).[2]  A federal inmate may file a § 2241 petition under § 2255(e)'s savings clause where § 2255 is inadequate or ineffective to test the legality of his detention.

The "inadequate or ineffective" savings clause of § 2255(e) applies to a claim when (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  The savings clause applies only if

---

[2] Section 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention*."  28 U.S.C. § 2255(e) (emphasis added).  The italicized language is known as the "savings clause."

2

the petitioner has satisfied all three elements. *Id.*

Ezell does not meet the prerequisites necessary to invoke application of the savings clause of § 2255(e), thereby precluding any relief in a proceeding under § 2241.  His claims are not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction.  Moreover, Ezell he not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245. Finally, pertinent federal law did not foreclose Ezell from presenting the claims set forth in his petition at the time the claims otherwise could and should have been raised.

Although Ezell's petition is filed pursuant to § 2241, his pleading, which presents claims attacking his conviction and sentence, remains a motion to vacate pursuant to 28 U.S.C. § 2255.  Section 2255 motions must be filed in the court imposing sentence.  Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts; *see Medberrry v. Crosby*, 351 F.3d 1049, 1056-57 (11th Cir. 2003) (explaining that § 2255 alleviated procedural difficulties "by directing prisoners to file the motion in the court where they were convicted").  Therefore, this court lacks jurisdiction to hear Ezell's § 2255 motion, and his motion challenging his conviction and sentence should have been filed in the United States District Court for the Southern District of Alabama.

Instead of dismissing a § 2255 motion filed in the wrong district, a district court lacking jurisdiction over a case may transfer the case to the proper district "if it is in the

interest of justice" to do so.  28 U.S.C. § 1631.  It appears likely that Ezell filed his pleading in this court pursuant to § 2241 in an attempt to circumvent the one-year limitation period applicable to § 2255 motions set forth in 28 U.S.C. § 2255(f) and/or the constraints on successive § 2255 motions set forth in 28 U.S.C. § 2244(b)(3)(A).[3]  Because Ezell did not file a direct appeal, his conviction became final on August 14, 2008, ten days after the district court's entry of judgment and the date on which the period for taking a direct appeal under Fed.R.App.P. 4(b)(1)(A)(i) expired.[4]  Ezell therefore had until August 14, 2009, to file a timely § 2255 motion.  *See* § 2255(f)(1).  However, his instant pleading was not filed until April 29, 2013.[5]  Moreover, as noted, Ezell previously filed a § 2255 motion in the court of conviction, the United States District Court for the Southern District of Alabama, and that

---

[3] A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  Moreover, a second or successive § 2255 motion in the district court requires the petitioner first to secure from the appropriate court of appeals an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

[4] When the district court's judgment was entered in Ezell's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).  Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within 14 days after entry of the district court's judgment.

[5] Ezell does not suggest that he fits within any of the exceptions recognized in § 2255(f)(2)-(4).

4

court denied the § 2255 motion. Therefore, his instant pleading would constitute a successive § 2255 motion filed without authorization by the Eleventh Circuit.

In *Phillips v. Seiter*, 173 F.3d 609 (7th Cir. 1999), a petitioner filed in the wrong court a § 2255 motion styled as a § 2241 habeas corpus petition. The court of appeals noted that in deciding whether the interests of justice required transfer of the case rather than its dismissal, district courts are authorized to consider whether the statute of limitations would bar a second filing but not the first. If the statute of limitations has already run, then the case would fall within "the 'sure loser' exception to section 1631," and transfer would not be in the interests of justice. *Id*. at 611. "[I]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—should dismiss the case rather than waste the time of another court." *Id*.

Here, because Ezell allowed the § 2255 limitation period to lapse long before filing his instant pleading, and because his pleading would amount to a successive § 2255 motion, this court finds that the interest of justice does not warrant a transfer of Ezell's pleading to the United States District Court for the Southern District of Alabama. The court further finds that Ezell will not be prejudiced by a dismissal of his petition rather than a transfer. In any event, this Recommendation puts Ezell on notice that his claims of ineffective assistance of counsel are § 2255 claims that must be raised in the United States District Court for the Southern District of Alabama.

## III.   CONCLUSION

Accordingly, it is RECOMMENDED that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED, as Ezell has not demonstrated his entitlement to proceed under that section and this court lacks jurisdiction to hear his challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **May 28, 2013**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 14th day of May, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE